SUMMARY ORDER

Yun Chen, a native and citizen of the People’s Republic of China, seeks review of a September 24, 2008 order of the BIA denying his motion to remand and affirming the February 16, 2007 decision of Immigration Judge (“IJ”) Paul A. Defonzo, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yun Chen, No. A96 437 215 (B.I.A. Sep. 24, 2008), aff'g No. A96 437 215 (Immig. Ct. N.Y. City Feb. 16, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA affirms the IJ’s decision in all respects but one, we review the IJ’s decision as modified by the BIA decision, 1.e., “minus the single argument for denying relief that was rejected by the BIA.” Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Further, when the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA adopted the IJ’s nexus finding, but rejected his adverse credibility determination. The BIA also supplemented the IJ’s decision by denying Chen’s motion to remand based on ineffective assistance of counsel. Accordingly, we review both the IJ’s and the BIA’s decisions, assuming Cheng’s credibility for purposes of our analysis. See Xue Hong Yang, 426 F.3d at 522; Yan Chen, 417 F.3d at 271.
I. Asylum and Withholding of Removal
We deny the petition for review to the extent that Chen challenges the agency’s denial of his application for asylum and withholding of removal based on its determination that he failed to establish a nexus to a protected ground. As amended by the REAL ID Act, Title 8, Section 1158(b)(l)(B)(i) of the U.S.Code provides that an asylum “applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.” Here, Chen’s asylum application indicated only that the government was backing a businessman in his efforts to take Chen’s land. During a preliminary hearing, the IJ expressed concern about the lack of evidence showing a nexus to a protected ground, and invited counsel to submit additional briefing. Despite that invitation, Chen did not supply any additional evidence. Thus, we find no error in the IJ’s conclusion that Chen failed to establish a nexus to a protected ground. See Melgar de Torris v. Reno, 191 F.3d 307, 313-14 (2d Cir.1999).
Because Chen was unable to meet his burden of proof to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal.[2] See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
II. Motion to Remand
On appeal to the BIA, Chen submitted several documents that had not been put into evidence by the second of his four *113 prior lawyers, Wendy Tso-Horiuehi, and contended that remand and denied that motion based on its conclusion that her failure to offer these documents before the IJ constituted ineffective assistance of counsel warranting a remand.
A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. Li Yong Cao v. U.S. Dept. Of Justice, 421 F.3d 149 (2d Cir.2005). We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006).
The BIA denied Chen’s motion to remand because: (1) his prior counsel “made a tactical decision that the documents in question would not be helpful”; and (2) that decision was reasonable because the documents “offer no support for [his] claim that officials seek to persecute him on account of a protected ground.” We see no basis to reject the BIA’s assessment of the decision of Chen’s prior counsel. The documents lent some support to Chen’s claim that he had had an altercation with town officials concerning a rival businessman’s effort to have Chen evicted and showed that Chen had been arrested because of his injury to a policeman during the altercation. As the BIA reasonably concluded, however, this episode does not establish persecution because of a protected ground.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Because the IJ did not address Chen’s CAT claim, and Chen did not raise that claim on appeal to the BIA or in this petition for review, we consider that claim abandoned. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).